IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**ANTONIO COTTINGHAM,**

Defendant.

CRIMINAL ACTION NO.: 1:15CR108
(KEELEY)

## REPORT AND RECOMMENDATION
## CONCERNING BINDING PLEA OF GUILTY IN FELONY CASE

On January 28, 2016, came the United States of America ("the Government") by its counsel, David Perri, Assistant United States Attorney, and also came Defendant in person and by counsel, L. Richard Walker, for a change of plea hearing after the matter was referred by District Court Judge Irene M. Keeley (Doc. No. 37). After placing Defendant under oath, the Court informed Defendant that if he gave false answers to the Court's questions, his answers may later be used against him in a prosecution for perjury or false statement and increase his sentence in this case. As an initial matter, the undersigned informed Defendant of his right to have an Article III Judge preside over the change of plea hearing. After the Court's instruction, Defendant knowingly and voluntarily waived this right and executed a written waiver of the same. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The Government then summarized the terms of the plea agreement. Defendant stated in open court that he fully understood and agreed with the terms of the plea

agreement and that there were no other agreements made between him and the Government.

The Court noted that the plea agreement is a binding plea agreement, for imprisonment of forty-six (46) months to be followed by three (3) years of supervised release, and the special mandatory assessments of $100.00, pursuant to Fed. R. Crim. P. 11(c)(1)(C), and advised Defendant that pursuant to Fed. R. Crim. P. 11(c)(3)(A), the Court may accept the agreement, reject it, or defer a decision until the Court has had an opportunity to receive and review a presentence report. The Court also advised the parties that if the plea is not accepted, Defendant will have the right to withdraw his plea of guilty. The Court also informed Defendant that, under the terms of the plea agreement, he is entering into a limited waiver of his right to appeal and Defendant confirmed his agreement to the waiver of his appellate rights.

The Court **ORDERED** the plea agreement filed.

The Court confirmed that Defendant had received and reviewed with his attorney the indictment in this matter. Defendant waived reading of the indictment in open court. The Court then reviewed with Defendant Count One of the indictment, including the elements of the crime the United States would have to prove at trial. The Government called its witness to present a factual basis for the plea. The Government called Special Agent Kenneth Peck of the ATF. Special Agent Peck testified that he was contacted by the Fairmont Police Department regarding a firearm recovered from Defendant after Defendant led Fairmont Police on a car and foot chase spanning the early morning hours of August 23, 2015. Special Agent Peck later discovered that the firearm was

manufactured outside of West Virginia and was stolen from its previous owner who lives in Indiana. Special Agent Peck also determined that Defendant was a convicted felon. Neither counsel for Defendant nor Defendant had any questions for the witness.

The Court reviewed the maximum sentence for Count One, imprisonment for a period of not more than ten (10) years, a fine of $250,000.00, and a term of not more than three (3) years of supervised release, to which Defendant proposed to enter a plea of guilty. The Court also advised Defendant that, as part of the fine, he could be required to pay the costs of imprisonment, community confinement, or supervision. The Court also informed Defendant of the mandatory special assessment fee applicable to this case and that restitution may be an issue in this case.

The Court informed Defendant that the U.S. Sentencing Guidelines could be used in determining a sentence in this case. Defendant stated that he had discussed the application of the U.S. Sentencing Guidelines to his case with his attorney. Defendant stated that he understood that the Court would not be able to determine whether to accept the agreed upon sentence until after the United States Probation Office had prepared a presentence report.

The Court reviewed with Defendant all of the rights that are forfeited by tender of a plea of guilty. The Court advised Defendant of his right to plead not guilty and maintain that plea during a trial before a jury of his peers. The Court also informed Defendant of the right to be represented by counsel during trial, the right to confront and cross-examine witnesses, the right not to testify, the right to present evidence and subpoena witnesses and the right to have the Government prove its case beyond a

reasonable doubt. The Court also noted that the jury's verdict must be unanimous. Defendant stated in open court that he understood all of these rights and understood that he would be giving up all of these rights by entering a plea of guilty. Defendant and his counsel stated that Defendant understood all of the consequences of pleading guilty.

Defendant stated that the plea was not a result of any threat, coercion, or harassment and that the plea was not the result of any promises except those contained in the plea agreement. Defendant stated there was nothing he had asked his lawyer to do that was not done. Defendant further stated that his attorney had adequately represented him in this matter and that neither he nor his attorney had found an adequate defense to the charge contained in Count One of the indictment.

Defendant then entered a plea of **GUILTY** to **Count One** of the indictment and stated that he was in fact guilty of the crime charged in Count One of the indictment.

Based upon Defendant's statements and the testimony of the Government's witness, the Court finds that the plea is freely and voluntarily given, that Defendant is aware of the nature of the charges against him and the consequences of his plea, and that a factual basis exists for the tendered plea. The Court accepted Defendant's plea of guilty and deferred accepting the terms of the plea agreement and adjudicating Defendant guilty of the crime charged in Count One of the indictment to the sentencing court. Pursuant to Fed. R. Crim. P. 11(c)(3)(A) and U.S.S.G. § 6B1.1(c), acceptance of the proposed plea agreement and the specific sentence therein are deferred until the Court has received and reviewed the presentence report prepared in this matter.

Pursuant to § 6A1 et seq. of the United States Sentencing Guidelines, it is hereby **ORDERED** that:

1. The Probation Office undertake a presentence investigation of Defendant and prepare a presentence report for the Court;

2. The Probation Officer and all Parties comply with mandates of Federal Rule of Criminal Procedure 32 and U.S.S.G. §6A1.2 regarding disclosure, objection, departure motion and sentencing statement requirements;

3. The matter will be set for sentencing following receipt of the presentence report and addendum containing any unresolved objections and the probation officer's comments on them;

4. Defendant is REMANDED to the custody of the U.S. Marshal Service pending sentencing.

5. IF COUNSEL ANTICIPATES A LENGTHY SENTENCING HEARING, PLEASE NOTIFY THE DISTRICT COURT SO THAT AN ADEQUATE AMOUNT OF TIME CAN BE SCHEDULED FOR IT.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: January 28, 2016

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE