**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**
       **Plaintiff,**

 **v.**                         //         **CRIMINAL NO. 1:15CR108**
                                              **(Judge Keeley)**

**ANTONIO COTTINGHAM**
       **Defendant.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 35]

On December 14, 2015, the defendant, Antonio Cottingham ("Cottingham"), filed a motion to suppress certain evidence from his then pending criminal trial (dkt. no. 23). The matter was referred to Magistrate Judge Michael J. Aloi by order dated December 15, 2015 (dkt. no. 24). Magistrate Judge Aloi held a hearing on the motion on January 6, 2016, after which he issued a report and recommendation ("R&R") (dkt. no. 35), recommending that the motion to suppress be denied. The R&R also specifically warned Cottingham that his failure to object to the recommendation within fourteen (14) days would result in the waiver of any appellate rights he might otherwise have on this issue. Id. at 9.

On January 7, 2016, the Court held a final pretrial conference with the parties, during which counsel for Cottingham informed that he intended to preserve his right to appeal the decision to deny the motion to suppress contained in the R&R. The parties did not, however, file any objections to the R&R.[1] Cottingham did not

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the

proceed to trial, instead entering a guilty plea in front of Magistrate Judge Aloi on January 28, 2016, (dkt. no. 41). Consequently, finding no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 35), and **DENIES** the motion to suppress (dkt. no. 23).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

Dated: February 8, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).